**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE DOMESTIC AIRLINE TRAVEL
ANTITRUST LITIGATION

MDL DOCKET NO. 2656

**MEMORANDUM OF PLAINTIFF STATE-BOSTON RETIREMENT SYSTEM IN
SUPPORT OF THE TRANSFER TO AND CONSOLIDATION
OR COORDINATION OF RELATED ANTITRUST ACTIONS
IN THE EASTERN DISTRICT OF NEW YORK FOR PRETRIAL PROCEEDINGS**

Plaintiff State-Boston Retirement System ("State-Boston") respectfully submits this memorandum of law in support of its motion for transfer to and consolidation or coordination in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1407 and pursuant to the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (the "MDL Panel").[1]

**BACKGROUND**

In the past two weeks, ten antitrust class actions have been filed against the four major U.S. airlines alleging that they conspired to fix, maintain, and/or stabilize capacity in the domestic air passenger transportation market. Each of these actions allege violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and have been filed on behalf of individuals and entities that purchased airline tickets directly from Defendants American Airlines ("American"), Delta Air Lines ("Delta"), Southwest Airlines ("Southwest"), and United Airlines ("United").[2] Of the ten

---

[1] On July 6, 2015, plaintiffs in a related action, *Bidgoli v. American Airlines Group Inc.*, No. 1:15-cv-05903 (N.D. Ill.), moved before the MDL Panel for transfer and consolidation or coordination of related cases to the United States District Court for the Northern District of Illinois. State-Boston submits this opening brief in favor of its designated transferee forum, and will respond to the *Bidgoli* plaintiffs' motion by the scheduled response date.

[2] *Devivo v. Delta Airlines, Inc.*, No. 7:15-cv-05162 (S.D.N.Y., filed Jul. 1, 2015) (the "Devivo Action"); *Lavin v. American Airlines, Inc.*, No. 3:15-cv-03090 (N.D. Cal., filed Jul. 2, 2015) (the "Lavin Action"); *Bidgoli v. American Airlines Group Inc.*, No. 1:15-cv-05903 (N.D. Ill., filed Jul. 2, 2015) (the "Bidgoli Action"); *Hersch v. Delta Airlines, Inc.*, No. 1:15-cv-03908 (E.D.N.Y., filed Jul. 3, 2015) (the "Hersch Action"); *Winton v. Southwest Airlines Co.*, No. 1:15-cv-05321 (S.D.N.Y., filed Jul. 6, 2015) (the "Winton Action"); *Blumenthal v. American*

actions filed to date, the following chart demonstrates their distribution among the U.S. District Courts:

| U.S. District Court | Number of Related Cases Filed |
|---|---|
| Eastern District of New York | **3** (the State-Boston, Hersch, and Kromar Actions) |
| Southern District of New York | **2** (the Devivo and Winton Actions) |
| Northern District of California | **2** (the Lavin and Andrade Actions) |
| District of Columbia | **2** (the Blumenthal and Youmans Actions) |
| Northern District of Illinois | **1** (the Bidgoli Action) |

Collectively, the State-Boston, Hersch, Kromar, Devivo, Winton, Lavin, Andrade, Blumenthal, Youmans, and Bidgoli Actions are referred to as the "Related Actions." *See* Schedule of Related Actions, attached.

  Plaintiffs in the Related Actions allege, among other things, that Defendants conspired to fix, maintain, and/or stabilize prices in the market for air passenger transportation services in the United States by agreeing to reduce and/or stabilize capacity in order to reap supracompetitive profits on air passenger transportation. Defendants agreed to adhere to industry-wide "capacity discipline" through several means, including their participation on earnings calls to investors and at industry meetings, including those sponsored by the International Air Transport Association. Plaintiffs further allege that the U.S. Department of Justice has opened an investigation into Defendants' conduct and has served Civil Investigative Demands on each Defendant.

  Plaintiffs in the Related Actions allege similar misconduct on the part of Defendants. In light of the substantial overlap among the Related Actions, transfer and consolidation or coordination to a single jurisdiction will ensure efficient pre-trial proceedings. State-Boston

---

*Airlines, Inc.*, No. 1:15-cv-010156 (D.D.C., filed Jul. 6, 2015) (the "Blumenthal Action"); *Andrade v. American Airlines Group Inc.*, No. 3:15-cv-03111 (N.D. Cal., filed Jul. 6, 2015) (the "Andrade Action"); *Kromar v. Delta Airlines, Inc.*, No. 1:15-cv-03937 (E.D.N.Y, filed Jul. 6, 2015) (the "Kromar Action"); *State-Boston Retirement System v. American Airlines, Inc.*, No. 1:15-cv-03974 (E.D.N.Y., filed Jul. 7, 2015) (the "State-Boston Action"); *Youmans v. American Airlines, Inc.*, No. 1:15-cv-01059 (D.D.C., filed Jul. 7, 2015) (the "Youmans Action").

submits that the Eastern District of New York is the most appropriate forum for transfer and consolidation or coordination of the Related Actions for the following reasons:

- All Defendants have significant business operations in and around the Eastern District of New York, including two defendants (American and Delta) who have hubs in airports located within the territorial boundaries of the Eastern District of New York, and another (United) which has a hub in nearby Newark, New Jersey;

- Given the Defendants' significant business operations in and around the Eastern District of New York, it is likely that relevant documents and witnesses will be found in and around the Eastern District of New York;

- The Eastern District of New York is convenient for all parties in the Related Actions because they are located near airports with direct service to New York City-area airports;

- The Eastern District of New York has a relatively low volume of pending MDLs currently before it, making it well-suited to devote the resources necessary to manage this litigation; and

- The Eastern District of New York has demonstrated considerable expertise in the management of complex antitrust cases, including those, which, like this case, involve allegations of anticompetitive conduct in the airline industry.

## ARGUMENT

### I. The Related Actions Should Be Transferred And Consolidated Or Coordinated For Pretrial Proceedings.

The Related Actions should be transferred and consolidated or coordinated for pretrial proceedings pursuant to 28 U.S.C. § 1407(a), which permits transfer and consolidation or coordination of cases that meet three requirements: (1) the cases "involv[e] one or more common questions of fact;" (2) transfer and consolidation or coordination will further "the convenience of parties and witnesses;" and (3) transfer and consolidation or coordination "will promote the just and efficient conduct of [the] actions." Transfer to and consolidation or coordination of the actions in the Eastern District of New York will satisfy each of these objectives.

Case NYE/1:15-cv-03908   Document 3-1   Filed 07/07/15   Page 4 of 13

A. **Transfer And Consolidation Or Coordination Is Appropriate Because The Related Actions Involve One Or More Common Questions Of Fact And Law.**

The MDL Panel has consistently held that cases involving overlapping factual and legal issues are particularly appropriate for transfer and consolidation or coordination. The MDL Panel also has consistently determined that related antitrust cases satisfy § 1407 requirements. *See, e.g., In re Air Cargo Shipping Servs. Antitrust Litig.*, 435 F. Supp. 2d 1342, 1343-44 (J.P.M.L. 2006); *In re Aftermarket Auto. Lighting Prods. Antitrust Litig.*, 598 F. Supp. 2d 1366, 1367 (J.P.M.L. 2009) (antitrust cases centralized under § 1407 because they "involve[d] common questions of fact"); *In re Urethane Antitrust Litig.*, 333 F. Supp. 2d 1379, 1380-81 (J.P.M.L. 2004) (transferring related antitrust cases under § 1407 because, among other things, the cases "involve[d] common questions of fact"); *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977) ("As is often true in multidistrict antitrust litigation, the private actions raise common questions of fact concerning the existence, scope and effect of the alleged conspiracy").

The Related Actions share common issues of fact and law, with very similar allegations. Thus, this requirement is easily satisfied. Each of the Related Actions alleges that Defendants conspired to restrain competition in the air passenger transportation market by fixing, maintaining, and/or stabilizing the prices for air passenger transportation services in the United States in violation of federal antitrust laws. Therefore, the Related Actions should be transferred and consolidated or coordinated in one judicial district.

B. **Transfer And Consolidation Or Coordination For Pretrial Proceedings Will Further The Convenience Of Parties And Witnesses.**

The MDL Panel has found that the convenience requirement is met when transfer and consolidation or coordination prevent duplicative discovery and inconsistent pretrial rulings. Here, transfer and consolidation or coordination for pretrial proceedings of the Related Actions

4

will also serve "the convenience of the parties and witnesses" in accordance with the second requirement of § 1407(a). *See Aftermarket Auto. Lighting*, 598 F. Supp. 2d at 1367 ("centralization under Section 1407 . . . will serve the convenience of the parties and witnesses" because it will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary").

In this instance, convenience requires transfer and consolidation or coordination. Plaintiffs' similar allegations of anticompetitive conduct in each of the Related Actions will require duplicative discovery and pretrial proceedings unless they are transferred and consolidated or coordinated in one district for pretrial purposes. To prove the antitrust claims alleged in the Related Actions, Plaintiffs will request the same documents and seek to depose many of the same individuals. For instance, each Plaintiff will use the information it gleans from discovery to prove how Defendants conspired to restrain competition in the market for air passenger transportation services in the United States. This information will be common to all Related Actions. There is no reason the parties should be required to respond to multiple motions and discovery requests or to require the parties and witnesses to travel throughout the United States to appear in multiple proceedings.

Transfer and consolidation or coordination will solve these problems: it will permit the transferee judge to formulate a single, unified pretrial program that minimizes the inconvenience and overall expense for all parties and witnesses. *See In re Lidoderm Antitrust Litig.*, 11 F. Supp. 3d 1344, 1345 (J.P.M.L. 2014) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.") (citing *In re Niaspan Antitrust Litig.*, 971 F. Supp. 2d 1346, 1347 (J.P.M.L. 2013)); *In re Aluminum Warehousing Antitrust Litig.,* 988

F. Supp. 2d 1362, 1363 (J.P.M.L. 2013) (same); *Aftermarket Auto. Lighting*, 598 F. Supp. 2d at 1367 (same). Therefore, to accommodate the convenience of parties and witnesses, transfer and consolidation or coordination is appropriate.

   C. <u>Transfer And Consolidation Or Coordination For Pretrial Proceedings Will Promote The Just And Efficient Conduct Of The Related Actions.</u>

  Transfer and consolidation or coordination of the Related Actions for pretrial proceedings will also "promote the just and efficient conduct of [the] actions" in accordance with the third requirement of § 1407(a). The Related Actions will likely involve many of the same pretrial issues, such as those concerning the nature and scope of discovery and the sufficiency of Plaintiffs' antitrust allegations. If each district were forced to resolve these issues in separate pretrial proceedings, scarce judicial resources would be needlessly wasted. Moreover, there would be a substantial likelihood that such duplicative proceedings might result in inconsistent rulings, especially regarding the important issue of class certification. *See In re Lidoderm,* 11 F. Supp. 3d at 1345; *Aftermarket Auto. Lighting*, 598 F. Supp. 2d at 1367 (consolidation "promote[s] the just and efficient conduct of this litigation"); *In re Commercial Money Ctr., Inc. Equip. Lease Litig.*, 229 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002) (consolidation of cases filed nationwide would prevent inconsistent rulings); *In re Hawaiian,* 438 F. Supp. at 936 (consolidation of five actions was necessary "in order to prevent duplication of discovery, eliminate the possibility of inconsistent pretrial rulings, and streamline the rest of the pretrial proceedings as well"). Transfer and consolidation or coordination is necessary here to avoid these inefficiencies and inconsistencies, and to promote the just and efficient conduct of the Related Actions.

**II.     The Related Actions Should Be Transferred To And Consolidated Or Coordinated In The Eastern District Of New York.**

The MDL Panel considers a variety of factors when determining the proper venue for transfer and consolidation or coordination. Among the factors to be assessed are the nexus between the case and the proposed transferee district, including (1) the location of the parties, witnesses and documents; (2) the respective caseloads of the proposed transferee district courts; (3) the accessibility of the proposed transferee district to parties and witnesses; and (4) the familiarity and expertise of the transferee district of with the underlying issues present in the litigation. *See In re Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014); *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. and Sales Practices Litig.*, 844 F. Supp. 2d 1380, 1380 (J.P.M.L. 2012); *In re Cardiac Devices Qui Tam Litig.*, 254 F. Supp. 2d 1370, 1373 (J.P.M.L. 2003).

An analysis of the many factors the MDL Panel typically considers supports transfer to and consolidation or coordination in the Eastern District of New York.

   A.     <u>A Significant Number Of Defendants, Witnesses, And Evidence Are Located In And Around The Eastern District Of New York.</u>

In deciding which district is appropriate for transfer and consolidation or coordination, the MDL Panel considers the location of defendants. *See Air Cargo*, 435 F. Supp. 2d at 1344 (selecting the Eastern District of New York because "[s]everal defendants have a presence and conduct substantial business in the Eastern District of New York"); *In re JetBlue Airways Corp. Privacy Litig.*, 305 F. Supp. 2d 1362, 1363 (J.P.M.L. 2004) (selecting the Eastern District of New York in part "because the sole common defendant JetBlue is headquartered there"). Here, three of the four Defendants have significant operations at airports located within the geographical territory of the Eastern District of New York, and the fourth has a major hub nearby

in an adjacent state. Thus, the Eastern District of New York is the most appropriate forum when considering the location of the Defendants.

Two of the four defendants, Delta and American, have hubs at John F. Kennedy International Airport ("JFK Airport"), which is within the territorial boundaries of the Eastern District of New York and is around 17 miles from the federal courthouse in Brooklyn, New York. Southwest and Delta also have significant business operations out of LaGuardia Airport, which is located less than 15 miles from the courthouse in Brooklyn. Further, United has a hub at Newark Liberty International Airport in Newark, New Jersey, which is a short distance from the federal courthouse in Brooklyn at a little over 16 miles.

Likewise, the MDL Panel typically considers the nexus between the evidence and witnesses relevant to the related actions and the location of the MDL proceeding. *See Air Cargo*, 435 F. Supp. 2d at 1344 (favoring transfer to the Eastern District of New York because "some relevant witnesses and documents may be located there").

Here, potential witnesses and evidence may be located within the Eastern District of New York because all four defendants have significant air passenger travel operations at airports located in and around the Eastern District of New York. *See Air Cargo*, 435 F. Supp. 2d at 1344 ("Several defendants have a presence and conduct substantial business in the Eastern District of New York, and some relevant witnesses and documents may be located there."). Accordingly, the Eastern District of New York is the most appropriate district for transfer and consolidation or coordination.

      B.    <u>The Eastern District Of New York Has A More Favorable Docket Than The Other Districts Chosen By Plaintiffs In The Related Cases.</u>

The MDL Panel also considers how well-suited the proposed transferee district is to manage the litigation at a steady and expeditious pace. *See In re Gator Corp. Software*

*Trademark & Copyright Litig.*, 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003) (transferring to a forum that "is not currently overtaxed with other multidistrict dockets"); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 290 F. Supp. 2d 1374, 1376 (J.P.M.L. 2003) (transferee court "enjoys general docket conditions permitting the Panel to effect the Section 1407 assignment to a court with the present resources to devote to the pretrial matters that this docket is likely to require"); *In re Serzone Prods. Liab. Litig.*, 217 F. Supp. 2d 1372, 1374 (J.P.M.L. 2002) (transferred to a district that was not "overtaxed with other multidistrict dockets and to a transferee judge who can steer th[e] litigation on a steady and expeditious course").

Of the fora where the Related Actions current reside, the Eastern District of New York has the second fewest MDLs pending before it, with only nine pending MDLs among the 28 district judges in that District (the District of Columbia has the fewest).[3] By contrast, the Northern District of California is presiding over 19 MDLs; the Northern District of Illinois has 18 MDL; and the Southern District of New York has 35 MDLs.[4]

Because of the relatively light MDL case load currently before the Eastern District of New York—particularly when compared to some of the other forum options—it is the more favorable district for transfer and consolidation or coordination.

C.   The Eastern District Of New York Is The Most Suitable And Convenient Forum For The Related Actions.

In choosing an appropriate transferee district, the MDL Panel also considers the convenience of the parties, their counsel, and potential witnesses. *See Air Cargo*, 435 F. Supp. 2d at 1344 ("Moreover, [the Eastern District of New York] provides a locale that is both easily

---

[3] Judicial Panel on Multidistrict Litigation, MDL Statistics Report – Distribution of Pending MDL Dockets by District (June 15, 2015), *available at* http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-June-15-2015.pdf.

[4] *Id.*

accessible and enjoys the support of numerous parties to this litigation."); *In re Publ 'n Paper Antitrust Litig.*, 346 F. Supp. 2d 1370, 1372 (J.P.M.L. 2004) ("We also observe that this district is a geographically convenient location, given the location of the principal defendants and potential defendants and witnesses . . . ."). This factor also favors the transfer to and consolidation or coordination of the Related Actions in the Eastern District of New York.

To date, more plaintiffs have chosen to file Related Actions in the Eastern District of New York than any other district, a fact that the MDL Panel has used as a basis for preferring a particular forum. *See, e.g., In re MF Global Holdings Ltd. Inv. Litig.*, 857 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012); *In re Enron Corp. Secs., Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002).

Plaintiffs in the other Related Actions also have ties to New York. For example, the plaintiff in the Blumenthal Action is a resident of Woodmere, New York, which is located within the territorial boundaries of the Eastern District of New York. Another plaintiff in the Devivo Action is a resident of New York City. Indeed, the other two plaintiffs in the Devivo Action, though not New York residents, complain that they have suffered injury as a result of purchasing airline tickets from one or more Defendants on routes between New York and another destination.

Further, while some plaintiffs in the Related Actions are not residents of New York, all are located near airports with direct service to several New York-area airports, including JFK and LaGuardia Airports, which are located within the Eastern District of New York. And, as stated above, all Defendants in the Related Actions have significant business operations in and around the Eastern District of New York.

In addition, the Eastern District of New York is a central and easily accessible location for all parties in the Related Actions, a factor that the MDL Panel has given weight in choosing a transferee forum. *See Air Cargo*, 435 F. Supp. 2d at 1344 (approving transfer to the Eastern District of New York because it provides a locale that is easily accessible to the parties in the litigation); *In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366, 1368 (J.P.M.L. 2003) (selecting transferee district based, in part, on its geographic centrality); *Factor VIII or Xl Concentrate*, 853 F. Supp. at 455 (same). The Eastern District of New York is serviced directly by JFK and LaGuardia Airports, both of which are located less than 15 miles from the federal courthouse in Brooklyn, New York and offer daily direct flights to the places where the parties in the Related Actions are located.

Brooklyn and nearby Manhattan also offer an abundance of hotels, taxis, and car rental agencies. Thus, transfer to and consolidation or coordination in the Eastern District of New York is more convenient than other jurisdictions where Plaintiffs have filed Related Actions.

Additionally, New York offers a well-developed support system for legal services and ample office space. *See In re Worldcom, Inc. Sec. & "ERISA" Litig.*, 226 F. Supp. 2d 1352, 1355 (J.P.M.L. 2002) (noting that "a litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well-developed support system for legal services"). The Eastern District of New York is, therefore, the most convenient location for transfer and consolidation or coordination of the Related Actions.

      D.    <u>The Eastern District Of New York Has The Required Experience And Resources To Adjudicate The Related Actions, As Well As Expertise In Antitrust Cases Involving The Airline Industry.</u>

Another factor that the MDL Panel considers is the experience of a potential transferee forum in managing multidistrict litigation. *See, e.g., In re Puerto Rican Cabotage Antitrust Litig.*,

11

571 F. Supp. 2d 1378, 1378 (J.P.M.L. 2008). The Eastern District of New York has handled numerous complex MDL and non-MDL class actions, including antitrust actions involving price-fixing and anticompetitive conduct in the airline industry. *See, e.g., Air Cargo*, No. 06-md-1776 (E.D.N.Y.) (Gleeson, J.) (global price-fixing conspiracy among over 40 airlines to fix surcharges on air cargo transportation); *Precision Associates, Inc. v. Panalpina World Transport*, No. 08-cv-00042 (E.D.N.Y.) (Gleeson, J.); *In re Vitamin C Antitrust Litig.*, No. 06-md-1738 (E.D.N.Y.) (Cogan, J.).

Indeed, in light of its handling of the *Air Cargo* and *Precision Associates* cases, the Eastern District of New York is uniquely suited to handle the Related Actions because it has specialized, extensive, and proven experience handling complex antitrust litigation involving conspiratorial and anticompetitive conduct in the airline industry. Accordingly, the Eastern District of New York is best suited to receive the Related Actions.

The numerous complex cases that the MDL Panel has transferred to the Eastern District of New York, in part, demonstrate that the MDL Panel has confidence that the Eastern District of New York has the necessary, substantial experience in effectively managing complex multidistrict litigation. Moreover, as its prior MDL experience suggests, the District has the requisite resources to efficiently and expertly handle the Related Actions.

## **CONCLUSION**

For the reasons set forth above, Plaintiff State-Boston respectfully requests that the MDL Panel transfer and consolidate or coordinate the Related Actions to the Eastern District of New York.

Dated: July 7, 2015                                                                 Respectfully submitted,


          /s/ *Jay L. Himes*
          Gregory S. Asciolla
          Jay L. Himes
          Garrett J. Bradley
          Robin A. van der Meulen
          Matthew J. Perez
          **LABATON SUCHAROW LLP**
          140 Broadway
          New York, NY 10005
          Tel: (212) 907-0700
          Fax: (212) 818-0477

          *Counsel for Plaintiff State-Boston Retirement System*