BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re DOMESTIC AIRLINE TRAVEL | ) | MDL No. 2656 |
| ANTITRUST LITIGATION | ) | |
| | ) | |

**RESPONSE OF PLAINTIFFS MICHAEL KROMAR, SHERI ROSALIA,
CHRISTOPHER TURTZO, JOSH STAMPS, AND RICHARD WARCHOL IN SUPPORT
OF TRANSFER OF ACTIONS TO THE EASTERN DISTRICT OF NEW YORK,
PURSUANT TO 28 U.S.C. §1407 FOR CONSOLIDATED OR COORDINATED
PRETRIAL PROCEEDINGS**

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ...........................................................................................................1

II.     FACTS ..........................................................................................................................4

III.    ARGUMENT .................................................................................................................4

    A.    Centralization in the Eastern District of New York Will Promote §1407's
Goals of Ensuring the Just and Efficient Conduct of the Actions and
Avoiding Inconsistent and/or Conflicting Determinations ......................................4

    B.    The Eastern District of New York Is the Most Appropriate Forum .......................5

        1.    The Eastern District of New York's Docket Is Highly Efficient................6

        2.    Judge Brian M. Cogan Has the Experience, Expertise and
Availability to Handle this Litigation ..........................................................7

        3.    The Eastern District of New York Is a Convenient and Central
Location for National Litigation ...................................................................8

    C.    Other Proposed Jurisdictions Do Not Serve the Interests of the Litigants
As Well as the Eastern District of New York ........................................................8

        1.    The Northern District of Illinois ...................................................................8

        2.    The Northern District of Texas .....................................................................9

        3.    The District of Columbia .............................................................................10

        4.    The Southern District of New York.............................................................11

        5.    The Northern District of California .............................................................11

IV.    CONCLUSION.............................................................................................................13

1060496_1

# TABLE OF AUTHORITIES

Page

## CASES

*In re Air Crash at Georgetown, Guyana, on July 30, 2011,*
    895 F. Supp. 2d 1355 (J.P.M.L. 2012)..................................................7

*In re Air Crash at Tegucigalpa, Honduras, on May 30, 2008,*
    598 F. Supp. 2d 1368 (J.P.M.L. 2009)..................................................7

*In re Air W., Inc. Sec. Litig.,*
    384 F. Supp. 609 (J.P.M.L. 1974)..................................................5

*In re Corn Derivatives Antitrust Litig.,*
    486 F. Supp. 929 (J.P.M.L. 1980)..................................................6

*In re Cuisinart Food Processor Antitrust Litig.,*
    506 F. Supp. 651 (J.P.M.L. 1981)..................................................5

*In re Fed. Election Campaign Act Litig.,*
    511 F. Supp. 821 (J.P.M.L. 1979)..................................................5

*In re Litig. Arising from Termination of Ret. Plan for Emps. of Fireman's Fund Ins. Co.,*
    422 F. Supp. 287 (J.P.M.L. 1976)..................................................4

*In re LTV Corp. Sec. Litig.,*
    470 F. Supp. 859 (J.P.M.L. 1979)..................................................4

*In re New York City Mun. Sec. Litig.,*
    572 F.2d 49 (2d Cir. 1978)..................................................5

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,*
    173 F. Supp. 2d 1377 (J.P.M.L. 2001)..................................................6

*In re Propecia (Finasteride) Prod. Liab. Litig.,*
    856 F. Supp. 2d 1334 (J.P.M.L. 2012)..................................................8

*In re Ryder Truck Lines, Inc. Emp't Practices Litig.,*
    405 F. Supp. 308 (J.P.M.L. 1975)..................................................5

*In re S. Pac. Transp. Co. Emp't Practices Litig.,*
    429 F. Supp. 529 (J.P.M.L. 1977)..................................................5

*In re WorldCom, Inc. Sec. & ERISA Litig.,*
    226 F. Supp. 2d 1352 (J.P.M.L. 2002)..................................................8

*In re Yarn Processing Patent Validity Litig.,*
    341 F. Supp. 376 (J.P.M.L. 1972)..................................................6

- ii -

Page

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§1 .................................................................................................................................4, 5

28 U.S.C.
§1407 ............................................................................................................. *passim*
§1407(a) ......................................................................................................................4, 5

**SECONDARY AUTHORITIES**

Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* (4th ed.)
§9:16 ................................................................................................................5, 6

1060496_1

Plaintiffs Michael Kromar, Sheri Rosalia, Christopher Turtzo, Josh Stamps and Richard Warchol ("Plaintiffs"), as putative class representatives in the action styled *Kromar v. Delta Airlines, Inc.*, No. 1:15-cv-3937 ("the *Kromar* action"), pending in the United States District Court for the Eastern District of New York against defendants Delta Air Lines, Inc. ("Delta"), American Airlines, Inc. ("American"), Southwest Airlines Co. ("Southwest"), and United Airlines, Inc. ("United") (collectively "Defendants"), respectfully submit this consolidated response to the United States Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") in support of the motion to enter an order pursuant to 28 U.S.C. §1407 ("§1407") transferring and consolidating the related actions listed in the Schedule of Actions (MDL Dkt. No. 22) and any other related action (collectively, the "Actions") to the Eastern District of New York.  *See* MDL Dkt. No. 6.

## I.    INTRODUCTION

The *Kromar* action and all of the other Actions detailed below bring claims against Defendants arising from Defendants' illegal conspiracy to fix, raise, maintain and/or artificially inflate the price of airline tickets for domestic air travel on Defendants' aircrafts by, *inter alia*, suppressing or otherwise restricting "capacity" across their flight routes.

On July 14, 2015 the Panel determined that four motions seeking centralization in a single federal district for coordinated or consolidated pretrial proceedings, encompassing twenty-four actions, would be set for the October 1, 2015 Panel Hearing Session.[1]  Plaintiffs are aware of at least

---

[1]    These actions include the following: *Devivo v. Delta Airlines, Inc.*, No. 1:15-cv-05162 (S.D.N.Y., filed July 1, 2015), *Bidgoli v. Am. Airlines Grp., Inc.*, No. 1:15-cv-05903 (N.D. Ill., filed July 2, 2015), *Lavin v. Am. Airlines, Inc.*, No. 3:15-cv-03090 (N.D. Cal., filed July 2, 2015), *Hersh v. Delta Airlines, Inc., No.* 1:15-cv-03908 (E.D.N.Y., filed July 3, 2015), *Kromar v. Delta Airlines, Inc.*, No. 1:15-cv-03937 (E.D.N.Y, filed July 6, 2015), *Andrade v. Am. Airlines Grp., Inc.*, No. 3:15-cv-03111 (N.D. Cal., filed July 6, 2015), *Blumenthal v. Am. Airlines, Inc.*, No. 1:15-cv-01056 (D.D.C., filed Jul. 6, 2015), *Winton v. Southwest Airlines Co.*, No. 1:15-cv-05231 (S.D.N.Y., filed July 6, 2015), *State-Boston Retire. Sys. v. Am. Airlines, Inc.*, No. 1:15-cv-03974 (E.D.N.Y., filed July 7, 2015), *Backus v. Delta Airlines, Inc.*, No. 3:15-cv-03137 (N.D. Cal., filed July 7, 2015), *Youmans v. Am. Airlines, Inc.*, No. 1:15-cv-01059 (D.D.C., filed July 7, 2015), *McEnerney v. Delta Airlines, Inc.*, No. 2:15-CV-03767 (E.D. Pa., filed July 8, 2015), *Cumming v. Am. Airlines, Inc.*, No.

40 other potential tag-along actions that have been filed throughout the country alleging that Defendants violated the Sherman Act by conspiring to increase prices of airline tickets for domestic air travel through certain capacity restrictions.[2]  The four motions seek to transfer the Actions to the Eastern District of New York, Northern District of Illinois, District of Columbia and Southern District of New York.  The Northern District of California has also been proposed as a potential district for centralization and coordination.  A response filed on July 8, 2015 seeks transfer to the Northern District of Texas.  MDL Dkt. No. 10.

Plaintiffs agree with the request filed on July 7, 2015 (MDL Dkt. No. 6) that the Panel transfer and consolidate the *Kromar* action and the other Actions to a single district, the Eastern District of New York, for coordinated and/or consolidated pre-trial proceedings, and that such proceedings, and any and all additional related actions against Defendants that may be brought to the attention of the Panel, be assigned to the same court.  Plaintiffs further request that the federal judge presently presiding over all of the Eastern District of New York actions, including the *Kromar* action, the Honorable Brian M. Cogan, be designated as the presiding Multidistrict Litigation ("MDL") judge.

The reasons for selecting the Eastern District of New York are compelling:

---

3:15-CV-02253 (N.D. Tex., filed July 8, 2015), *Jain v. Am. Airlines, Inc.*, No. 1:15-cv-01072 (D.D.C., filed July 8, 2015), *Howard Sloan Koller Grp. v. Am. Airlines, Inc.*, No. 1:15-cv-04002 (E.D.N.Y., filed July 8, 2015), *Hartley v. United Airlines, Inc.*, No. 3:15-cv-03176 (N.D. Cal., filed July 8, 2015), *Golian v. Am. Airlines, Inc.*, No. 1:15-cv-01075 (D.D.C., filed July 9, 2015), *Repan v. Am. Airlines, Inc.*, No. 1:15-cv-04036 (E.D.N.Y., filed July 9, 2015), *Palmer v. Am. Airlines, Inc.*, No. 1:15-cv-04047 (E.D.N.Y., filed July 9, 2015), *Huey v. Am. Airlines, Inc.*, No. 1:15-cv-04048 (E.D.N.Y., filed July 9, 2015), *Curley v. Delta Airlines, Inc.*, No. 1:15-cv-4092 (E.D.N.Y., filed July 10, 2015), *Silver v. Am. Airlines Grp., Inc.*, No. 1:15-cv-6099 (N.D. Ill., filed July 10, 2015), *Panzino v. Am. Airlines, Inc.*, No. 1:15-cv-1084 (D.D.C., filed July 10, 2015) and *Lilian v. Am. Airlines, Inc.*, No. 1:15-cv-5384 (S.D.N.Y., filed July 10, 2015).  MDL Dkt. No. 22.

[2]    A schedule of all known current related actions is attached as Ex. 1.

1.      Many of the cases filed in the Actions have been filed in the District;[3]

2.      Defendants all operate out of, and most Defendants have hubs and significant operations in, airports located in and/or closely situated to the District, and many of the witnesses and documents regarding the matter can be found in the District;

3.      The other Districts in which cases have been filed are either inconvenient, over-burdened or otherwise less conducive to the efficient prosecution of the Actions.  The Northern District of California, where 16 actions were filed, currently has 19 pending MDLs.  By contrast, the Eastern District of New York has less than half that number, of which two MDLs deal with aviation matters.  The Northern District of Illinois, where 6 actions have been filed has 18 pending MDLs, with many judges assigned to multiple cases.  The Southern District of New York has more than 35 pending MDLs, with some judges having more than three pending actions assigned.[4]  *See* Ex. 2, attached;

4.      Judge Cogan has the experience and expertise to handle this litigation, and the Eastern District of New York has the resources to handle an MDL and is a highly efficient jurisdiction; and

5.      Situated adjacent to Manhattan and nearby to JFK, LaGuardia and Newark Liberty International Airport, the Eastern District of New York houses two of three airports that make up the largest airport system in the United States and is convenient for parties and witnesses for travel purposes.

---

[3]     In fact, the Eastern District of New York and the Northern District of California had the same number of cases filed.  One action brought in the Eastern District of New York later was voluntarily dismissed.

[4]     The Northern District of Texas and the District of Columbia are not ideal locations for transfer for reasons apart from docket congestion, discussed herein at §§III.C.2. & III.C.3.

## II.      FACTS

The presently pending Actions against the four major airlines – American, Delta, Southwest and United – charges Defendants with violations of the Sherman Act, 15 U.S.C. §1.  The Actions allege that the airlines coordinated a strategy of "capacity discipline," or restraining growth and reducing established service, including the number of available flights and passengers they carried on their domestic flight routes.  Defendants' coordinated capacity discipline, the complaints allege, has resulted in fewer flights and higher fares, despite dramatically falling costs during the same period.  Indeed, it was confirmed on July 1, 2015 that the United States Department of Justice ("DOJ") was conducting an ongoing investigation into whether Defendants were colluding to limit flight routes and available seats, thus keeping airfares at artificially inflated prices.

## III.     ARGUMENT

### A.      Centralization in the Eastern District of New York Will Promote §1407's Goals of Ensuring the Just and Efficient Conduct of the Actions and Avoiding Inconsistent and/or Conflicting Determinations

Section §1407(a) provides, in relevant part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on multi district litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. §1407(a).

The transfer of actions to a single forum under §1407 is appropriate where, as here, it will prevent duplication of discovery and eliminate the possibility of overlapping or inconsistent pleading determinations by courts of coordinate jurisdictions.  *In re Litig. Arising from Termination of Ret. Plan for Emps. of Fireman's Fund Ins. Co*., 422 F. Supp. 287, 290 (J.P.M.L. 1976); *In re LTV Corp. Sec. Litig*., 470 F. Supp. 859, 862 (J.P.M.L. 1979).

- 4 -

The litmus test of transferability and coordination under §1407 is the presence of common questions of fact. *In re Fed. Election Campaign Act Litig.*, 511 F. Supp. 821, 823 (J.P.M.L. 1979). Common questions are presumed "when two or more complaints assert comparable allegations against identical defendants based upon similar transactions and events." *In re Air W., Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974); *see also In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 654-55 (J.P.M.L. 1981). These actions are especially amenable for MDL treatment because of the substantial commonality of factual and legal questions presented in the individual cases at issue and the strong potential for the preservation of judicial resources that MDL treatment will afford. *In re S. Pac. Transp. Co. Emp't Practices Litig.*, 429 F. Supp. 529, 531 (J.P.M.L. 1977).

The *Kromar* action and all of the other Actions assert claims against the same defendants, American, Delta, Southwest and United, and are all founded upon allegations that these Defendants conspired to limit flight routes and available seats, which kept airfares at artificially inflated prices. The plaintiffs and proposed classes in these cases overlap and all assert violations of the Sherman Act, 15 U.S.C. §1. In addition, centralization is necessary to prevent the duplication of discovery and inconsistent pre-trial rulings. *In re Ryder Truck Lines, Inc. Emp't Practices Litig.*, 405 F. Supp. 308, 309 (J.P.M.L. 1975).

**B.     The Eastern District of New York Is the Most Appropriate Forum**

Under §1407(a), the Panel may transfer actions to "any district" and has wide discretion to choose the transferee court. *See, e.g.*, *In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51 (2d Cir. 1978); Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, §9:16 (4th ed.). The Panel considers a variety of factors in selecting the transferee court, including but not limited to the following: (1) the procedural advancement of an action; (2) the familiarity of a judge with the

- 5 -

proceedings; (3) the efficiency of a court's civil docket; and (4) a central location for national litigation.  *Id.*

### 1.    The Eastern District of New York's Docket Is Highly Efficient

The efficiency of the transferee's docket is one of §1407's factors considered in selecting the transferee court and the Panel may look at the backlog or efficiency of the district's docket,[5] as well as its suitability as a trial venue.[6]  The efficiency factor supports the selection of the Eastern District of New York as the transferee court.  Compared to other districts where related actions have been filed, the Eastern District of New York is less burdened than many of the other proposed districts. For example, the Northern District of California, where 16 actions were filed, currently has 19 pending MDLs.[7]  By contrast, the Eastern District of New York has less than half that number, including 2 aviation-related MDLs.  The Northern District of Illinois, where 6 actions have been filed has 18 pending MDLs, with many judges assigned to multiple MDLs.  The Southern District of New York has more than 35 pending cases, with some judges having more than 3 pending actions currently assigned.

Compared to the other proposed districts the transfer of MDL proceedings to the Eastern District of New York is appropriate.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp. 2d 1377, 1380 (J.P.M.L. 2001).  ("[C]entralization in this district permits the Panel to effect the Section 1407 assignment to a major metropolitan court that (i) is not currently overtaxed with other multidistrict dockets, and (ii) possesses the necessary resources to be able to devote the

---

[5]    *See e.g.*, *In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 932 (J.P.M.L. 1980).

[6]    *See In re Yarn Processing Patent Validity Litig.*, 341 F. Supp. 376, 381-82 (J.P.M.L. 1972).

[7]    Fourteen of the cases filed in the Northern District of California have been related by Judge Charles R. Breyer to the *In re Transpacific Passenger Air Transportation Antitrust Litigation*, No. 3:07-cv-5634 (N.D. Cal.) ("*Transpacific*").  *Transpacific*, however, is unrelated to the pending Actions here for numerous reasons as detailed below at §III.C.5.

- 6 -

substantial time and effort to pretrial matters that this complex docket is likely to require.").  Further, the Eastern District of New York possesses the requisite **resources** and **capacity** to manage this MDL proceeding.  *See In re Air Crash at Georgetown, Guyana, on July 30, 2011*, 895 F. Supp. 2d 1355 (J.P.M.L. 2012) (centralizing action in the Eastern District of New York).

### 2.     Judge Brian M. Cogan Has the Experience, Expertise and Availability to Handle this Litigation

Plaintiffs submit that the Panel should designate the Honorable Judge Brian M. Cogan as the MDL judge because Judge Cogan possesses significant experience handling complex litigation and is well qualified to handle this complex litigation.  *See In re Air Crash at Tegucigalpa, Honduras, on May 30, 2008*, 598 F. Supp. 2d 1368, 1369 (J.P.M.L. 2009) ("Centralization in this district permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who is not currently presiding over another multidistrict litigation docket and who has a caseload relatively favorable to accepting this assignment.").  Of the 16 related actions filed in the Eastern District of New York, all have been assigned to Judge Cogan.  His Honor is thus intimately aware of the facts and circumstances giving rise to this litigation.

Judge Cogan recently oversaw through trial and settlement the extremely complex *In re Vitamin C Antitrust Litig.*, MDL 1738 (E.D.N.Y.), a multi-defendant, technical case involving an alleged conspiracy to fix prices and overcharge customers who purchased vitamin C.  Judge Cogan also presided over the *In re: Bayer Corp. Combination Aspirin Products Mktg. and Sales Practices Litig.*, MDL 2023 (E.D.N.Y.).  Significantly, the *Vitamin* C proceeding is the only MDL proceeding currently before Judge Cogan, and it has already reached the advanced stages of trial and settlement.  Accordingly, Judge Cogan has the experience, expertise and availability to handle this litigation.

**3.     The Eastern District of New York Is a Convenient and Central Location for National Litigation**

The Eastern District of New York is the proper forum as all of the Defendants transact substantial business in the district, flying into and out of three airports located in the Eastern District of New York.  Witnesses involved in the matter are also located in the District.  Further, the Eastern District of New York is easily accessible to all parties because of the proximity to multiple airports, which are served by nearly every major airline carrier with non-stop service from every major metropolitan area throughout the country.  *See In re Propecia (Finasteride) Prod. Liab. Litig.*, 856 F. Supp. 2d 1334, 1335 (J.P.M.L. 2012) ("This district provides a ***convenient and accessible forum*** for this litigation in which actions have been filed throughout the country regarding a product that was marketed nationwide.").  The Eastern District of New York is, of course, a major metropolitan center providing ample hotel and office accommodations, minutes away from the Courthouse, and a well-developed support system for legal services, all of which will facilitate the efficient prosecution of this litigation.  *Accord In re WorldCom, Inc. Sec. & ERISA Litig.*, 226 F. Supp. 2d 1352, 1355 (J.P.M.L. 2002) ("[A] litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well-developed support system for legal services.").

**C.     Other Proposed Jurisdictions Do Not Serve the Interests of the Litigants As Well as the Eastern District of New York**

**1.     The Northern District of Illinois**

On July 6, 2015, plaintiffs Anooshirvan Bidgoli, Barbara Hunter and Annie Migdal requested the Panel transfer all related actions and all subsequently filed related actions to the Northern District of Illinois.  MDL Dkt. No. 1.  In support of that motion, the Bidgoli Action plaintiffs ignore the large number of MDL Actions currently pending in the Northern District of Illinois and argue only that Chicago is a convenient location because one of the Defendants, United, is based in the Northern

District and that the Bidgoli Action is "one of the first-filed cases is pending there."  MDL Dkt. No. 1 at 2-3.  These reasons are insufficient to trump the Eastern District of New York as the ideal Court for these many actions.  Like the Northern District of Illinois, all of the Defendants have major hubs in the Eastern District of New York.  And, like the Northern District of Illinois, the Eastern District of New York is readily accessible to the parties.  In fact, with its transportation network, the Eastern District of New York is far more accessible than the Northern District of Illinois and any of the other proposed transferee courts.  Also, that an early case was filed in the Northern District of Illinois should not be dispositive as several of the first-filed cases were filed in the Eastern District of New York.  Because the Northern District of Illinois is far more burdened with MDL actions than the Eastern District of New York and none of the factors the Bidgoli Plaintiffs raise in support of the Northern District of Illinois suggest that it is the most desirable jurisdiction, the Panel should decline to send the related actions to the Northern District of Illinois.

### 2.      The Northern District of Texas

On July 8, 2015 Plaintiffs Elizabeth C. Cumming, Kenneth A. Nelson, Jonathan Shankle, Bradford Tomlin, and Whitney Tomlin filed a response with the Panel opposing efforts to transfer the related actions to the Northern District of Illinois and in opposition to a motion to transfer to the Eastern District of New York.  MDL Dkt. No. 10.

In support of their motion, the Cumming Action plaintiffs argue the Panel to transfer all related cases to the Northern District of Texas, Dallas Division, because two of the Defendants (American and Southwest) are headquartered in the District, Dallas would be the center of discovery, Dallas is the most convenient location for all parties and counsel, the Northern District has the resources to efficiently manage the case, and the assigned judge has the experience to handle a complex action.  While it is true that two of the Defendants are headquartered in the district, all of the Defendants have offices in the Eastern District of New York and, with modern electronic

- 9 -

discovery, the original location of the documents – which is expected to largely be in electronic format – is not a meaningful argument in favor of the Northern District of Texas.

Additionally, Dallas may not be the most convenient location for all parties. Accommodations, available office space and public transportation are unmatched in New York. Tellingly, to date, no other parties have supported the Cumming Action plaintiffs request for transfer and to date 4 Actions have been filed in the Northern District of Texas, while 16 actions have been filed in the Eastern District of New York.

The Cumming Action Plaintiffs request for transfer to the Northern District of Texas should be denied.

### 3.    The District of Columbia

On July 10, 2015 Plaintiff Elliot J. Blumenthal moved the Panel pursuant to 28 U.S.C. §1407 for an order transferring and centralizing for consolidated or coordinated pretrial proceedings in the United States District Court for the District of Columbia the actions against Defendants.  MDL Dkt. No. 14.

The arguments offered in support of the motion to transfer related actions to the District of Columbia are insufficient to justify selection of the District of Columbia as the transferee court. Plaintiff Blumenthal argues that the case should be transferred to the District of Columbia because the Department of Justice is running the investigation of the airlines in the District, but provides no reason why the Panel should give this assertion any weight.  None of Blumenthal's other arguments weigh in favor of selecting the District of Columbia over the Eastern District of New York. Blumenthal argues that the Defendants conduct significant business in the District of Columbia. While this is true of most jurisdictions, the size and scope of Defendants' activities in the Eastern District of New York overwhelm those conducted in the District of Columbia.   Similarly,

- 10 -

Blumenthal argues that the District of Columbia is a convenient forum, but New York, with its four major airports, multiple train stations and other transportation options is plainly more convenient.

### 4.     The Southern District of New York

On July 10, 2015 plaintiffs Christopher Devivo, Jack Sniado, and Julia L. Holt moved the Panel for an order transferring and centralizing for consolidated or coordinated actions to the Southern District of New York.  The Devivo Action plaintiffs urge the Panel to send the actions to the Southern District of New York, but ignore that the Southern District currently has a very heavy load of complex MDL matters – more than any other jurisdiction in the nation.  The Eastern District of New York shares all of the conveniences of the Southern District of New York, with only a fraction of the Southern District of New York's pending MDLs.

The Devivo Action plaintiffs note that most lawyers on the case will likely stay in Manhattan and prepare for argument in Manhattan offices, (MDL Dkt. No. 17-1 at 11) but this is only a minimal distinction.  From midtown Manhattan, travel to the Brooklyn courthouse takes less than 5 minutes longer than travel to the Southern District courthouse.  The driving distance from midtown to the Eastern District Courthouse is less than two miles more than to the Southern District courthouse.

### 5.     The Northern District of California

Plaintiff in *Andrade v. American Airlines Group Inc*. has filed an interested party response urging the Panel to transfer the pending actions to the Northern District of California.  Of course, like other proposed jurisdictions, the Northern District of California has many extremely capable jurists with extensive experience handling complex MDL proceedings.  This, however, should not trump the other factors which tip toward coordinating the cases in the Eastern District of New York before Judge Cogan.

As noted above, 14 of the cases filed in the Northern District of California have been related to the pending *Transpacific* MDL litigation.  Although the cases were found to be related, they are

- 11 -

related only on the most superficial level and relation of the cases will not serve the goals of efficiency and manageability.  First, the parties in *Transpacific* are almost entirely different. *Transpacific* involves **fifteen foreign defendants**, with only one conceivably overlapping defendant (Continental, which merged with United in 2010), and no overlapping plaintiffs.  Second, the subject matter and transactions in the current Actions are markedly different than in *Transpacific*, which covers only **foreign air passenger travel** and deals largely with increased fares due to fuel surcharges on international flights.  Finally, the events at issue in *Transpacific* are distinct from those in the pending Actions here and extend back to January 1, 2000 – more than eleven years before the beginning of the class period in *Kromar* and most of the other Actions.  Indeed, the only specific mentions of "capacity" in the *Transpacific* complaint relate to events in 2005 and 2006 – prior to even the earliest class periods in the related Actions here.  *See* Plaintiffs' Second Amended Consolidated Class Action Complaint in *Transpacific*, attached as Ex. 3.

Defendants here have also argued that the Actions are not related to *Transpacific*, citing the Northern District of California's Local Civil Rule 3-12(a) which defines related cases as those that (1) involve "'the same parties, property, transaction or event,'" and (2) it must "'appear[] likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.'"  *See* Joint Case Management Conference Statement, dated July 24, 2015 filed in *Lavin*, attached here as Ex. 4 at 4.

In addition to arguing against relation to the *Transpacific* matter, the Defendants also correctly note that the Northern District of California is not the proper venue for centralization as it does not have any relationship to the pending cases.  "[N]one of the Defendants is headquartered here; none of the likely witnesses for Defendants are here; and no statement or act alleged in the complaints was made here."  *Id.*

There are simply no compelling reasons to transfer the more than 60 filed cases to the Northern District of California.[8]

## IV.    CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Panel enter an Order pursuant to 28 U.S.C. §1407 consolidating or coordinating for pretrial proceedings the putative class actions set forth in the accompanying Schedule of Actions to the Eastern District of New York, as well as any other related actions that are subsequently-filed.

DATED:  August 3, 2015                              Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
VINCENT M. SERRA


                                                    s/ Samuel H. Rudman
                                        SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
vserra@rgrdlaw.com

---

[8]    Plaintiff Andrade argues that the pending cases should be transferred to the Northern District of California because Judge Breyer has set an early status conference, but Judge Cogan has also set an early conference in the Eastern District of New York.  That conference is set for August 20, 2015.

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
DAVID W. MITCHELL
BRIAN O. O'MARA
ALEXANDRA S. BERNAY
CARMEN A. MEDICI
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
patc@rgrdlaw.com
davidm@rgrdlaw.com
bomara@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK DEARMAN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
mdearman@rgrdlaw.com

Attorneys for Plaintiffs Michael Kromar, Sheri
Rosalia, Christopher Turtzo, Josh Stamps and
Richard Warchol (E.D.N.Y. No. 1:15-cv-03937)

- 14 -